1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   ANTHONY R. DELLING (#81798)
2  725 South Figueroa Street, Suite 2800
   Los Angeles, CA 90017-5406
3  Telephone: (213) 488-7100
   Facsimile: (213) 629-1033
4  anthony.delling@pillsburylaw.com

5  Attorneys for Defendants
6  XEROX CORPORATION and
   JAIME LOPEZ

7

8

9            UNITED STATES DISTRICT COURT
10           CENTRAL DISTRICT OF CALIFORNIA
11  _____
12  PAULA SIMS,                    )   No. LA CV 11-6993 JAK(AGRx)
                                   )
13              Plaintiff,         )
                                   )   STIPULATION FOR ENTRY OF
14       vs.                       )   PROTECTIVE ORDER
                                   )
15  XEROX CORPORATION, a           )
    New York Corporation, AUDRA    )
16  RYAN-JONES, an individual, and )
    JAIME LOPEZ, an individual,    )
17                                 )
                Defendants.        )   NOTE CHANGES MADE BY THE COURT.
18                                 )
                                   )
19                                 )
20  _____)

21

22       For the reasons set forth below, the parties to this action and their

23  respective counsel believe that good cause exists for entry of a protective

24  order, which will govern the production of certain documents and provision of

25  certain categories of deposition testimony during discovery in this action.

26  Therefore, through their respective attorneys of record, plaintiff Paula Sims

27  and defendants Xeroj Corporation and Jaime Lopez hereby stipulate to the

28  following protective order for the purpose of preventing unnecessary



NOTE CHANGES MADE BY THE COURT.

disclosure or inappropriate use of confidential, business sensitive, proprietary and/or trade secret information contained in certain documents, deposition testimony or discovery responses provided during the course of this lawsuit.

1. During this action, one or more parties may produce certain documents, provide written discovery responses and/or provide or elicit deposition testimony containing confidential, highly sensitive, proprietary and/or trade secret business information, including information concerning, among other things, Plaintiff's employment and medical records, the identity, contacts, proposals and requirements of Xerox customers, internal Xerox policies and procedures, pricing of Xerox products and services, compensation data and formulas, strictly internal investigation protocols or findings, nonpublic financial data, and sales or marketing plans or strategies (hereinafter collectively referred to as "Confidential Information").

2. With respect to documents produced by a party which contain Confidential Information, that party or its counsel may stamp or otherwise label that document with the word "Confidential" prior to production, which shall render that document and the information contained in it subject to this protective order. For documents containing particularly sensitive confidential, proprietary or trade secret information whose disclosure could cause competitive or other serious injury to the producing party, the producing party may stamp or otherwise label that document with the words "Confidential-Attorneys' Eyes Only," which shall render that document and the information contained in it subject to this protective order. Stamping or otherwise marking "Confidential" or "Confidential-Attorneys' Eyes Only" on the first page of any multipage document shall automatically designate all pages of the document as subject to this protective order, unless otherwise expressly indicated by the party producing that document. With respect to written

discovery responses provided by a party which contain Confidential Information, either that party or its counsel may designate a particular response as containing such information by stamping or otherwise marking the word "Confidential" or "Confidential-Attorneys' Eyes Only" on the page or pages containing that discovery response or by explicitly stating within the response itself that the information contained therein is confidential and subject to a protective order. Either of those designations shall render that entire response subject to this protective order.

3. At any deposition in this action, a party and/or its counsel may designate particular testimony containing Confidential Information as "Confidential" or "Confidential-Attorneys' Eyes Only" and therefore subject to the terms of this protective order. In the event a party or its counsel makes such a designation, the court reporter shall on each page of the transcript containing such designated testimony include the statement "Confidential - Subject To Protective Order," or the statement "Confidential-Attorneys' Eyes Only - Subject To Protective Order." All deposition testimony of a witness which is designated "Confidential" shall be contained in a separate transcript, the first page of which shall bear the legend "Confidential - Subject To Protective Order," or the legend "Confidential-Attorneys' Eyes Only - Subject To Protective Order."

4. Any document, information or testimony designated as "Confidential" shall not be used for any purpose whatsoever other than in connection with the prosecution or defense of this lawsuit. Moreover, such document/information/testimony shall not be delivered, exhibited, furnished or disclosed in whole or in part to any person, firm, entity or organization except to (a) counsel of record for the parties in this action; (b) persons regularly employed by the law firm representing plaintiff and/or the firm representing

defendants; (c) court reporters transcribing testimony of witnesses in this action; (d) court personnel in connection with the performance of their responsibilities relative to this action; (e) expert witnesses and consultants retained for the purpose of assisting counsel for a party in defending or prosecuting this action; (f) one or more of the parties themselves (including in-house counsel and their staff); or (g) a witness at deposition to the extent he/she agrees on the record to be bound by this order and either authored the document or information in question or has a need to know or be shown the document or information in the course of providing testimony. However, nothing herein shall in any way limit a party's ability to use or disclose documents/information/testimony which that party or its own counsel has designated "Confidential."

5.  Any document, information or testimony designated as "Confidential-Attorneys' Eyes Only" shall not be used for any purpose whatsoever other than in connection with the prosecution or defense of this lawsuit. Moreover, such document/information/testimony shall not be delivered, exhibited, furnished or disclosed in whole or in part to any person, firm, entity or organization except to (a) the attorneys of record in this case, (b) employees of those attorneys actively involved in the prosecution or defense of this action, (c) in-house counsel and their staff, (d) court reporters transcribing deposition testimony in this action, (e) independent experts and consultants retained by a party, and (f) a witness at deposition who agrees on the record to be bound by this order and either authored the document or information in question or has a need to know or be shown the document or information in the course of providing testimony. The receiving party shall not receive, be informed of, or have access to Confidential - Attorneys' Eyes Only documents, information or testimony except pursuant to the prior written

consent of the producing party or by Court Order. However, nothing herein shall in any way limit a party's ability to use or disclose documents/information/testimony which that party or its own counsel has designated "Confidential" or "Confidential-Attorneys' Eyes Only."

6. Prior to receiving Discovery designated as "Confidential-Attorneys' Eyes Only," each person, including counsel, shall sign an acknowledgment that they have read and agree to abide by this Order in the form attached hereto as Exhibit A. Third-party experts and consultants shall affirm that they have been retained by counsel for a party to this litigation and are not otherwise employed by or affiliated with any party or any competitor of any party. The receiving party's counsel shall maintain the original signed acknowledgments, and upon request by counsel for the producing party shall be provided to the producing party's counsel.

7. Any person, *other than court personnel*, to whom delivery, exhibition or disclosure is made of any document, information or testimony described in paragraphs 2 or 3 above shall be subject to the provisions of this protective order. Prior to delivery, exhibition or disclosure of covered documents/information/testimony to the persons qualified to receive it/them under paragraphs 4 and/or 5, *other than court personnel,* counsel for the party making disclosure shall provide each such person a copy of the protective order and shall secure from that person a signed confidentiality acknowledgement in the form attached hereto as Exhibit A. That acknowledgement shall state that the person receiving or seeing the covered document/information/testimony has read this order, that he/she may not and shall not divulge any document, information or testimony designated "Confidential" or "Confidential-Attorneys' Eyes Only" except in strict accordance with the terms and conditions of this order and that he/she will not utilize any document, information or testimony designated "Confidential" or

[AGR] (handwritten annotation next to line 14)

1   "Confidential-Attorneys' Eyes Only" for any purpose other than in connection
2   with the prosecution or defense of this lawsuit. All originals of signed
3   confidentiality acknowledgements shall be maintained by counsel for the party
4   responsible for making the disclosure and shall be made available to the
5   producing party's counsel upon reasonable request. However, nothing herein
6   shall require a disclosing party or its counsel to obtain a signed confidentiality
7   acknowledgement prior to submitting documents/information/testimony to
8   witnesses at either trial or during a deposition.
9      8.   Any party or counsel who files or intends to file a paper or other
10  document with the Court which reflects, contains or includes any
11  document/information/testimony designated as "Confidential" or
12  "Confidential-Attorneys' Eyes Only" by an opposing party or that party's
13  counsel pursuant to the terms of this protective order, including any copies,
14  reproductions, abstracts, summaries or quotations of or from such
15  document/information/testimony, shall make an application to the judge to
16  whom the papers are directed to have that particular
17  document/information/testimony filed under seal pursuant to Local Rule
18  79-5.1, or in the alternative shall conspicuously label all pages of the
19  document itself as "Confidential – Subject to Protective Order." *[handwritten: AGR] This alternative will not result in the document being filed under seal.*
20      9.   Nothing herein shall prevent any party from bringing an
21  appropriate motion upon regular notice before the Court, in strict compliance
22  with Local Rules 37-1 and 37-2, to have a "Confidential" or "Confidential-
23  Attorneys' Eyes Only" designation of a document/information/testimony lifted
24  in whole or in part or to determine whether the use or disclosure of such
25  document/information/testimony should be restricted other than in accordance
26  with this protective order. Furthermore, nothing herein shall affect any party's
27  right to make a formal motion upon regular notice to the Court for a protective
28

1 order pursuant to the Federal Rules of Civil Procedure and this Court's Local
2 Rules with regard to any particular document/information/testimony, including
3 for the purpose of seeking restrictions greater than those specified herein.
4   10.   Within 60 days from the final termination of this action, including
5 any appeals, the parties and their counsel shall either (1) return all materials
6 designated "Confidential" or "Confidential-Attorneys Eyes Only," together
7 with any and all copies, summaries and excerpts thereof, to counsel for the
8 party producing such materials or (2) destroy all such materials and copies
9 thereof and certify in writing to the counsel for the party producing such
10 materials that they have been destroyed.  In accordance with this paragraph,
11 the parties and their counsel shall also return to counsel or destroy all extracts
12 or summaries of documents/information/testimony designated "Confidential"
13 or "Confidential-Attorneys' Eyes Only," except for those materials which in
14 the reasonable, good faith judgment of counsel constitute attorney work
15 product.
16   11.   If a party or its counsel inadvertently permits the production or
17 disclosure of documents or testimony containing Confidential Information
18 without designating it confidential in accordance with this protective order,
19 that party or its counsel may thereafter designate the material as
20 "Confidential" or "Confidential-Attorneys' Eyes Only" by identifying the
21 specific document/testimony in a letter to opposing counsel and at that time
22 designating it accordingly.  From the date of receipt of any such letter, the
23 party/counsel which has received the document/testimony shall treat it in
24 accordance with the terms of this protective order, subject to further direction
25 from the Court.
26   12.   The obligations of confidentiality contained in this protective
27 order shall remain effective following the termination of the action and the
28

1  Court shall retain jurisdiction to enforce all provisions of this order as well as
2  to remedy any violation of it. ~~In addition, the Court shall at all times have~~
AGR 3  ~~jurisdiction to resolve any dispute which may arise under the terms of this~~
4  ~~protective order upon a regularly noticed motion, including but not limited to~~
5  ~~issues concerning whether some document/testimony has been improperly~~
6  ~~designated.~~

7   13.   The designation of any document, information or testimony shall
8  not be construed as an admission of relevance or admissibility. This order
9  may only be introduced into evidence by a party in connection with a motion
10 or other proceeding to enforce the terms or obtain clarification of this order.

12  Dated: January 27, 2012.

    MARTIN & MARTIN LLP
    EILEEN P. DARROLL

    By /s/ Eileen P. Darroll

    Attorneys for Plaintiff
    PAULA SIMS

19  Dated: January 31, 2012.

    PILLSBURY WINTHROP SHAW PITTMAN LLP
    ANTHONY R. DELLING

    By /s/ Anthony Delling

    Attorneys for Defendants
    XEROX CORPORATION and
    JAIME LOPEZ

IT IS SO ORDERED.
DATED: 2/24/2012
/s/ Alicia G. Rosenberg
UNITED STATES MAGISTRATE JUDGE