1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   ANTHONY R. DELLING (#81798)
2  725 South Figueroa Street, Suite 2800
   Los Angeles, CA 90017-5406
3  Telephone: (213) 488-7100
   Facsimile: (213) 629-1033
4  anthony.delling@pillsburylaw.com
5
   Attorneys for Defendants
6  XEROX CORPORATION and
   JAIME LOPEZ
7

**NOTE CHANGES MADE BY THE COURT.**

8
9              UNITED STATES DISTRICT COURT
10              CENTRAL DISTRICT OF CALIFORNIA
11  _____
12  PAULA SIMS,                        )   No. LA CV 11-6993 JAK(AGRx)
13                                     )
                        Plaintiff,     )   **STIPULATION FOR ENTRY OF**
14       vs.                           )   **PROTECTIVE ORDER**
                                       )
15  XEROX CORPORATION, a               )
    New York Corporation, AUDRA        )
16  RYAN-JONES, an individual, and     )
    JAIME LOPEZ, an individual,        )
17                                     )
                        Defendants.    )   NOTE CHANGES MADE BY THE COURT.
18                                     )
19                                     )
20  _____
21
22       For the reasons set forth below, the parties to this action and their
23  respective counsel believe that good cause exists for entry of a protective
24  order, which will govern the production of certain documents and provision of
25  certain categories of deposition testimony during discovery in this action.
26  Therefore, through their respective attorneys of record, plaintiff Paula Sims
27  and defendants Xerox Corporation and Jaime Lopez hereby stipulate to the
28  following protective order for the purpose of preventing unnecessary

1  disclosure or inappropriate use of confidential, business sensitive, proprietary
2  and/or trade secret information contained in certain documents, deposition
3  testimony or discovery responses provided during the course of this lawsuit.
4      1. During this action, one or more parties may produce certain
5  documents, provide written discovery responses and/or provide or elicit
6  deposition testimony containing confidential, highly sensitive, proprietary
7  and/or trade secret business information, including information concerning,
8  among other things, Plaintiff's employment and medical records, the identity,
9  contacts, proposals and requirements of Xerox customers, internal Xerox
10 policies and procedures, pricing of Xerox products and services, compensation
11 data and formulas, strictly internal investigation protocols or findings,
12 nonpublic financial data, and sales or marketing plans or strategies (hereinafter
13 collectively referred to as "Confidential Information").
14     2.  With respect to documents produced by a party which contain
15 Confidential Information, that party or its counsel may stamp or otherwise
16 label that document with the word "Confidential" prior to production, which
17 shall render that document and the information contained in it subject to this
18 protective order.  For documents containing particularly sensitive confidential,
19 proprietary or trade secret information whose disclosure could cause
20 competitive or other serious injury to the producing party, the producing party
21 may stamp or otherwise label that document with the words "Confidential-
22 Attorneys' Eyes Only," which shall render that document and the information
23 contained in it subject to this protective order.  Stamping or otherwise marking
24 "Confidential" or "Confidential-Attorneys' Eyes Only" on the first page of
25 any multipage document shall automatically designate all pages of the
26 document as subject to this protective order, unless otherwise expressly
27 indicated by the party producing that document.  With respect to written
28

1  discovery responses provided by a party which contain Confidential
2  Information, either that party or its counsel may designate a particular
3  response as containing such information by stamping or otherwise marking the
4  word "Confidential" or "Confidential-Attorneys' Eyes Only" on the page or
5  pages containing that discovery response or by explicitly stating within the
6  response itself that the information contained therein is confidential and
7  subject to a protective order. Either of those designations shall render that
8  entire response subject to this protective order.
9      3.   At any deposition in this action, a party and/or its counsel may
10 designate particular testimony containing Confidential Information as
11 "Confidential" or "Confidential-Attorneys' Eyes Only" and therefore subject
12 to the terms of this protective order. In the event a party or its counsel makes
13 such a designation, the court reporter shall on each page of the transcript
14 containing such designated testimony include the statement "Confidential -
15 Subject To Protective Order," or the statement "Confidential-Attorneys' Eyes
16 Only - Subject To Protective Order." All deposition testimony of a witness
17 which is designated "Confidential" shall be contained in a separate transcript,
18 the first page of which shall bear the legend "Confidential - Subject To
19 Protective Order," or the legend "Confidential-Attorneys' Eyes Only - Subject
20 To Protective Order."
21     4.   Any document, information or testimony designated as
22 "Confidential" shall not be used for any purpose whatsoever other than in
23 connection with the prosecution or defense of this lawsuit. Moreover, such
24 document/information/testimony shall not be delivered, exhibited, furnished or
25 disclosed in whole or in part to any person, firm, entity or organization except
26 to (a) counsel of record for the parties in this action; (b) persons regularly
27 employed by the law firm representing plaintiff and/or the firm representing
28

1  defendants; (c) court reporters transcribing testimony of witnesses in this
2  action; (d) court personnel in connection with the performance of their
3  responsibilities relative to this action; (e) expert witnesses and consultants
4  retained for the purpose of assisting counsel for a party in defending or
5  prosecuting this action; (f) one or more of the parties themselves (including
6  in-house counsel and their staff); or (g) a witness at deposition to the extent
7  he/she agrees on the record to be bound by this order and either authored the
8  document or information in question or has a need to know or be shown the
9  document or information in the course of providing testimony. However,
10 nothing herein shall in any way limit a party's ability to use or disclose
11 documents/information/testimony which that party or its own counsel has
12 designated "Confidential."
13      5.      Any document, information or testimony designated as
14 "Confidential-Attorneys' Eyes Only" shall not be used for any purpose
15 whatsoever other than in connection with the prosecution or defense of this
16 lawsuit. Moreover, such document/information/testimony shall not be
17 delivered, exhibited, furnished or disclosed in whole or in part to any person,
18 firm, entity or organization except to (a) the attorneys of record in this case,
19 (b) employees of those attorneys actively involved in the prosecution or
20 defense of this action, (c) in-house counsel and their staff, (d) court reporters
21 transcribing deposition testimony in this action, (e) independent experts and
22 consultants retained by a party, and (f) a witness at deposition who agrees on
23 the record to be bound by this order and either authored the document or
24 information in question or has a need to know or be shown the document or
25 information in the course of providing testimony. The receiving party shall
26 not receive, be informed of, or have access to Confidential - Attorneys' Eyes
27 Only documents, information or testimony except pursuant to the prior written
28

1  consent of the producing party or by Court Order. However, nothing herein
2  shall in any way limit a party's ability to use or disclose
3  documents/information/testimony which that party or its own counsel has
4  designated "Confidential" or "Confidential-Attorneys' Eyes Only."
5      6.   Prior to receiving Discovery designated as "Confidential-
6  Attorneys' Eyes Only," each person, including counsel, shall sign an
7  acknowledgment that they have read and agree to abide by this Order in the
8  form attached hereto as Exhibit A. Third-party experts and consultants shall
9  affirm that they have been retained by counsel for a party to this litigation and
10 are not otherwise employed by or affiliated with any party or any competitor
11 of any party. The receiving party's counsel shall maintain the original signed
12 acknowledgments, and upon request by counsel for the producing party shall
13 be provided to the producing party's counsel.
14 [AGR]  7.   Any person, other than court personnel, to whom delivery, exhibition or disclosure is made of
15 any document, information or testimony described in paragraphs 2 or 3 above
16 shall be subject to the provisions of this protective order. Prior to delivery,
17 exhibition or disclosure of covered documents/information/testimony to the
18 persons qualified to receive it/them under paragraphs 4 and/or 5, other than court personnel, counsel for
19 the party making disclosure shall provide each such person a copy of the
20 protective order and shall secure from that person a signed confidentiality
21 acknowledgement in the form attached hereto as Exhibit A. That
22 acknowledgement shall state that the person receiving or seeing the covered
23 document/information/testimony has read this order, that he/she may not and
24 shall not divulge any document, information or testimony designated
25 "Confidential" or "Confidential-Attorneys' Eyes Only" except in strict
26 accordance with the terms and conditions of this order and that he/she will not
27 utilize any document, information or testimony designated "Confidential" or
28

1  "Confidential-Attorneys' Eyes Only" for any purpose other than in connection
2  with the prosecution or defense of this lawsuit. All originals of signed
3  confidentiality acknowledgements shall be maintained by counsel for the party
4  responsible for making the disclosure and shall be made available to the
5  producing party's counsel upon reasonable request. However, nothing herein
6  shall require a disclosing party or its counsel to obtain a signed confidentiality
7  acknowledgement prior to submitting documents/information/testimony to
8  witnesses at either trial or during a deposition.
9       8.   Any party or counsel who files or intends to file a paper or other
10 document with the Court which reflects, contains or includes any
11 document/information/testimony designated as "Confidential" or
12 "Confidential-Attorneys' Eyes Only" by an opposing party or that party's
13 counsel pursuant to the terms of this protective order, including any copies,
14 reproductions, abstracts, summaries or quotations of or from such
15 document/information/testimony, shall make an application to the judge to
16 whom the papers are directed to have that particular
17 document/information/testimony filed under seal pursuant to Local Rule
18 79-5.1, or in the alternative shall conspicuously label all pages of the
19 document itself as "Confidential – Subject to Protective Order." [AGR: This alternative will not result in the document being filed under seal.]
20     9.   Nothing herein shall prevent any party from bringing an
21 appropriate motion upon regular notice before the Court, in strict compliance
22 with Local Rules 37-1 and 37-2, to have a "Confidential" or "Confidential-
23 Attorneys' Eyes Only" designation of a document/information/testimony lifted
24 in whole or in part or to determine whether the use or disclosure of such
25 document/information/testimony should be restricted other than in accordance
26 with this protective order. Furthermore, nothing herein shall affect any party's
27 right to make a formal motion upon regular notice to the Court for a protective
28

1  order pursuant to the Federal Rules of Civil Procedure and this Court's Local
2  Rules with regard to any particular document/information/testimony, including
3  for the purpose of seeking restrictions greater than those specified herein.
4      10.   Within 60 days from the final termination of this action, including
5  any appeals, the parties and their counsel shall either (1) return all materials
6  designated "Confidential" or "Confidential-Attorneys Eyes Only," together
7  with any and all copies, summaries and excerpts thereof, to counsel for the
8  party producing such materials or (2) destroy all such materials and copies
9  thereof and certify in writing to the counsel for the party producing such
10 materials that they have been destroyed.  In accordance with this paragraph,
11 the parties and their counsel shall also return to counsel or destroy all extracts
12 or summaries of documents/information/testimony designated "Confidential"
13 or "Confidential-Attorneys' Eyes Only," except for those materials which in
14 the reasonable, good faith judgment of counsel constitute attorney work
15 product.
16     11.   If a party or its counsel inadvertently permits the production or
17 disclosure of documents or testimony containing Confidential Information
18 without designating it confidential in accordance with this protective order,
19 that party or its counsel may thereafter designate the material as
20 "Confidential" or "Confidential-Attorneys' Eyes Only" by identifying the
21 specific document/testimony in a letter to opposing counsel and at that time
22 designating it accordingly.  From the date of receipt of any such letter, the
23 party/counsel which has received the document/testimony shall treat it in
24 accordance with the terms of this protective order, subject to further direction
25 from the Court.
26     12.   The obligations of confidentiality contained in this protective
27 order shall remain effective following the termination of the action and the
28

1  Court shall retain jurisdiction to enforce all provisions of this order as well as
2  to remedy any violation of it. ~~In addition, the Court shall at all times have~~
AGR 3  ~~jurisdiction to resolve any dispute which may arise under the terms of this~~
4  ~~protective order upon a regularly noticed motion, including but not limited to~~
5  ~~issues concerning whether some document/testimony has been improperly~~
6  ~~designated.~~

7       13.   The designation of any document, information or testimony shall
8  not be construed as an admission of relevance or admissibility. This order
9  may only be introduced into evidence by a party in connection with a motion
10 or other proceeding to enforce the terms or obtain clarification of this order.

12      Dated: January 27, 2012.

                                MARTIN & MARTIN LLP
                                EILEEN P. DARROLL

                                By _Eileen P. Darroll_____

                                Attorneys for Plaintiff
                                PAULA SIMS

19      Dated: January 31, 2012.

                                PILLSBURY WINTHROP SHAW PITTMAN LLP
                                ANTHONY R. DELLING

                                By _____

                                Attorneys for Defendants
                                XEROX CORPORATION and
                                JAIME LOPEZ

IT IS SO ORDERED.
DATED: 2/24/2012
_Alicia G. Rosenberg_
UNITED STATES MAGISTRATE JUDGE